UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-10506-RAM
Chapter 13

In re:

YANELIS FIGUEROA,

Debtor.
_____/

### OBJECTION TO MOTION TO VACATE ORDER DISMISSING CASE

Creditor, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust successor-in-interest by assignment from JP Morgan Chase Bank, National Association ("U.S. Bank") hereby objects to the Debtor, Yanelis Figueroa's ("Debtor"), Motion to Vacate Order Dismissing Case and as grounds therefore states:

1. U.S. Bank is a secured creditor of the Debtor holding a final judgment of foreclosure on real property located at 6685 S.W. 94th Street, Miami, FL 33156 in the amount of $1,649,255.88 entered on April 7, 2010. This claim is scheduled by the Debtor at $2,200,000. U.S. Bank appears to be the Debtor's only creditor.

2. The Debtor filed her voluntary petition under Chapter 13 on January 13, 2016. The Debtor did not file her schedules or statement of financial affairs with her voluntary petition. On the day the schedules were due, she sought an extension of time which was granted until February 10, 2016 (DE #9). Having failed to meet the February 10, 2016 deadline, this Court entered its Order Dismissing Case (DE # 11) on February 17, 2016.

3. The procedural history outlined above is not an isolated incident. The Debtor filed a voluntary petition under Chapter 13 on March 11, 2009 (Case No. 09-14126-RAM). This case was

dismissed based upon the Debtor's failure to timely file her schedules. The Debtor filed a voluntary petition under Chapter 7 on August 7, 2013 (Case No. 13-28717-AJC). This second case was also dismissed based upon the Debtor's failure to timely file her schedules. The Debtor filed another voluntary petition under Chapter 7 on March 13, 2014 (Case No. 14-15809-LMI). This case was dismissed because of the Debtor's failure to comply with credit counseling requirements. Finally, on September 17, 2014, the Debtor filed a third voluntary petition under Chapter 7 (Case No. 14-30827-LMI). This fourth bankruptcy case was dismissed based upon the Debtor's violation of a court order in her previous bankruptcy case. The current Chapter 13 case represents the Debtor's <u>fifth</u> bankruptcy case since 2009 demonstrating a marked abuse of the bankruptcy system in an attempt to thwart the legitimate efforts of her only creditor.

4. Serial filings are indicative of bad faith. Absent a bona fide change in circumstances, serial filings are not proper. *In re Earl*, 140 B.R. 728, 738 (Bankr. N.D. Ind. 1992). When a bankruptcy case has been filed only for the purpose of inhibiting or forestalling a foreclosure action on the debtor's assets without the intention of financial rehabilitation, the case should be dismissed as having been filed in bad faith. *Id* at 739.

4. If the Debtor's abuse of the bankruptcy system via serial filings was insufficient to leave this case in its current dismissed state, the Debtor is not eligible for relief under Chapter 13. Only an individual with a regular income that owes, on the date of the filing of the petition, unsecured debts of less than $383,175, and secured debts of less than $1,149,527 is eligible for relief under Chapter 13. Section 109(e). In the first instance, the Debtor's Statement of Current Monthly Income and Calculation of Commitment Period (DE # 20) establishes that the Debtor has no monthly income. Secondly, whether you assume that U.S. Bank is fully secured at its scheduled claim of $2,200,000 or only partially secured up to the Debtor's asserted value of $675,000 (leaving

2

an unsecured claim of $1,525,000), U.S. Bank's claim far exceeds the jurisdictional limits of Chapter 13.

5. Furthermore, the Debtor's Chapter 13 plan is a complete farce and abuse of the bankruptcy system. The Debtor has no income from which to fund a plan or make the proposed single payment of $675,000.00. The Debtor has no ability to cure over five years of arrearage on her loan. The entirety of the plan is to misuse the Mortgage Modification Mediation program to further delay U.S. Bank and extract a portion of insurance proceeds related to a fire casualty that occurred on the real property after the foreclosure judgment. The failure to propose a Chapter 13 plan in good faith also constitutes grounds for dismissal. *In re Bucco*, 205 B.R. 323, 324 (Bankr. M.D. Fla. 1996).

6. What is before this Court is a two-party dispute that should be handled by the Circuit Court. Any claim the Debtor may have to the insurance proceeds can be resolved after the completion of the foreclosure sale and resolution of the deficiency owed to U.S. Bank.

WHEREFORE, U.S. Bank respectfully requests this Court deny the Debtor's Motion to Vacate Order Dismissing Case and grant such other and further relief as this Court deems appropriate.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF system with the Clerk of Court and electronic copies furnished to Ernesto S. Medina, Esquire, Attorney for the Debtor, and Nancy K. Neidich, Chapter 13 Trustee, this 29th day of March, 2016.

4

          BROAD AND CASSEL
          Attorneys for U.S. Bank
          One North Clematis Street, Suite 500
          West Palm Beach, FL 33401
          Phone: (561) 366-5373
          Facsimile: (561) 650-1153

          By: /s/ C. Craig Eller
          C. Craig Eller, Esquire
          Florida Bar No. 767816
          Email: celler@broadandcassel.com

4829-8303-6207.1
50903/0006